19 B.R. 331 (1982)
In re Cather Dean PARRISH, Debtor.
Bankruptcy No. 81 B 05870 K.
United States Bankruptcy Court, D. Colorado.
April 6, 1982.
*332 Milnor H. Senior, III, Denver, Colo., for debtor.

MEMORANDUM OPINION AND ORDER
ROLAND J. BRUMBAUGH, Bankruptcy Judge.
This matter came on for hearing upon the objection to confirmation filed by the Standing Chapter 13 Trustee. Even though the Attorney General for the State of Colorado was properly notified that a state statute was being challenged as unconstitutional, he made no appearance and did not file a brief. The Standing Chapter 13 Trustee also made no appearance and did not file a brief in support of her written objection.
The written objection filed by the Trustee gave as the bases for the objection the following:
(1) The debtor owns residential real property in Colorado appraised as $63,000.00 which is subject to a lien of $59,000.00.
(2) The petition herein was filed December 16, 1981, and therefore the debtor is restricted to the State of Colorado exemptions because Colorado has chosen to "optout" under 11 U.S.C. § 522(b)(1) when it passed Senate Bill 369 (effective July 1, 1981). See C.R.S. XX-XX-XXX.
*333 (3) The debtor does not live in the subject property and therefore is not entitled to claim the Colorado Homestead Exemption provided for in C.R.S. XX-XX-XXX.
(4) The debtor has wrongfully claimed the equity in the subject property to be exempt pursuant to 11 U.S.C. § 522(d)(1).
(5) Therefore, since under the plan unsecured creditors are to be paid 1% of their claims, and this 1% is less than they would receive in a Chapter 7 liquidation in view of the non-exempt equity in the subject property, the plan should not be confirmed.
The debtor claims that the Colorado "optout" statute, C.R.S. XX-XX-XXX, is unconstitutional because it conflicts with Article I, Section 8 of the United States Constitution, which section grants Congress the power to establish uniform bankruptcy laws; and that this statute, and the underlying Colorado scheme of exemptions, are in conflict with the Bankruptcy Code and therefore violate the supremacy clause (Article VI, Clause 2) of the United States Constitution.
At the outset, it is necessary to state what this case does not involve. Contrary to the assertions in the debtor's brief, it does not involve the question of whether or not Colorado exceeded its authority in establishing its scheme of exemptions by discriminating in favor of homeowners by providing a Homestead Exemption to them with no comparable exemption to non-homeowners. That issue was decided in the case of In re Hellman, 474 F.Supp. 348 (D. of Colo.1979), where the Court held that ". . . property occupied and used by husband and wife as their home is entitled to a homestead exemption, whether occupied by the husband and wife under a lease for a term of years or by virtue of ownership of fee simple title". 474 F.Supp. at 350. Thus, the homestead exemption in Colorado is available to homeowners and to nonhomeowners alike.
The facts necessary to determine the constitutionality of the Colorado "opt-out" statute, and its underlying scheme of exemptions, are not in dispute. From the petition it appears that the debtor owns a residential dwelling in Colorado and has an equity of approximately $3,670.00. The debtor does not occupy this dwelling, but rather rents it to someone else for $550.00 per month and pays $556.00 per month to the holder of a mortgage on the property.
If the debtor were allowed to claim the federal exemptions, specifically the $7,900.00 "floating" exemption provided for in 11 U.S.C. §§ 522(d)(1) and (d)(5), she could protect her $3,670.00 equity in the subject real property, and the refrigerator ($75.00), stove ($25.00) and dishwasher ($35.00) located in the subject real property. If the debtor is not allowed to claim these federal exemptions, i.e., if she can only claim the Colorado exemptions, then she cannot protect this equity because she does not reside in the subject real property.
The Colorado statutes involved provide as follows:
XX-XX-XXX. Exemptions in bankruptcy. The exemptions provided in section 522(d) of the federal bankruptcy code of 1978 (Title 11 of the United States Code), as amended, are denied to residents of this state. Exemptions authorized to be claimed by residents of this state shall be limited to those exemptions expressly provided by the statutes of this state. XX-XX-XXX. Homestead exemption. Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon.

I.
In her first argument, the debtor maintains that application of the Colorado "optout" statute, and its underlying scheme of exemptions, violates the uniformity requirement of Article I, Section 8, U.S. Constitution.
*334 However, Article I, Section 8 is only controlling as to the congressional exercise of power, and is, therefore, a restriction on Congress, not on the various states. See Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943).
Thus, the Colorado statutes cannot, and do not, violate the uniformity clause of Article I, Section 8, U.S. Constitution.

II.
The second argument of the debtor is that C.R.S. XX-XX-XXX and Colorado's underlying schedule of exemptions (most of which appear in C.R.S. XX-XX-XXX and XX-XX-XXX) conflict with the Bankruptcy Code, and therefore violate the Supremacy Clause, Article VI, Clause 2, U.S. Constitution.
In Perez v. Campbell, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), the Supreme Court set forth the test to determine if there is a conflict between state law and bankruptcy law. ". . . [T]he test calls for a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question whether they are in conflict". 402 U.S. at 644, 91 S.Ct. at 1708.
Judge Krasniewski in In re Vasko, 6 B.R. 317 (Bkrtcy.N.D.Ohio, 1980), extensively analyzed the purpose of the Bankruptcy Code. After reviewing the legislative history of the Code, he concluded:
The purpose of Congress in passing the new Bankruptcy Code was to give debtors a "fresh start". Being highly concerned with the inadequacy of existing state exemption laws, Congress formulated federal exemptions. In a compromise between the House and the Senate, the states were allowed to `opt out' under Section 522(b)(1) from the federal exemption scheme. However, as the legislative history indicates, Congress had hoped that the states would update and revamp the existing laws, bringing them closer into line with the federal exemptions. 6 B.R. at 322.
I agree with both his analysis and conclusions. And, like Judge Krasniewski, this Court is faced with a situation where the state statute has no legislative history. Nor are there any reported state court cases interpreting C.R.S. XX-XX-XXX, 107 or XX-XX-XXX, as they have recently been amended.
But even if there is not legislative history to tell the purpose of the state legislature when it revised Colorado exemption schedules in 1981, we can, and must under Perez, look to the effect of the now existing state law.
When Colorado decided to opt-out in 1981, it greatly revised its exemption schedules. As examples of these revisions, Colorado increased the homestead exemption from $7,500.00 to $20,000.00; the wearing apparel exemption increased from $400.00 to $750.00; jewelry went from $100.00 to $500.00; household goods went from $400.00 to $1,500.00, etc. Colorado also added certain types of property to its exemption list, e.g., professionally prescribed health aids and awards under crime victims reparation laws. It is obvious that when Colorado revised its exemption schedules it sought to meet congressional criticism that "most [of the state exemption laws] are outmoded, designed for more rural times, and hopelessly inadequate to serve the needs of and provide a fresh start for modern urban debtors". H.Rep.No.95-595, 95th Cong., 1st Sess. 126-127 (1977), U.S.Code Cong. & Admin.News 1978, 5787, p. 6087.
If a comparison is made between the federal exemptions and the Colorado exemptions (see the Appendix attached hereto which is an outline of these exemptions), it is obvious, that, although not an exact duplicate of the federal exemptions, the Colorado law is in conformity with the federal legislative intent to provide the "fresh start" to debtors that Congress intended. In some categories of assets, the exemptions allowed by Colorado are lower than those allowed by the Code. But in other areas, e.g., the homestead exemption and the exemptions for tools of the trade or professional libraries, Colorado is more liberal.
*335 The debtor here is really complaining that the Colorado statutes do not provide the debtor with a "floating" exemption as does the Bankruptcy Code so that the debtor may, at the time of filing, apportion a comparable $7,900.00 to assets of the debtor's choice, so that all debtors can protect $7,900.00 of assets. However, even under Colorado law, the debtor with $7,900.00 of assets can still gain protection for these assets by converting nonexempt property into an exempt property immediately before filing of the petition. See Collier on Bankruptcy, 15th ed., Vol. 3, ¶ 522.08[4]. It is just a matter of timing.
The debtor has apparently taken a position that every debtor is entitled to have a $7,900.00 stake for a "fresh start" and relies mainly on dicta from three cases to support this stand. See In re Smith, 640 F.2d 888 (7th Cir. 1981); Cheeseman v. Nachman, 656 F.2d 60 (4th Cir. 1981); and, In re Rhodes, 14 B.R. 629 (Bkrtcy.M.D. Tenn.1981). That is not the requirement of the Code. Every debtor cannot have a $7,900.00 stake, as, e.g., a debtor with no assets will have no stake. There is no provision in the Code to insure that he does. All the Code demands is that debtors who have managed to accumulate some assets will be left with some portion of those assets with which to have a "fresh start". What does an able-bodied debtor need for a "fresh start"? A glance at both the federal and Colorado exemptions shows that he needs, basically, the tools of his trade or profession, some minimal food and clothing, the means to provide shelter for him and his family, and some household goods. For those less fortunate, e.g., the disabled or those receiving governmental pensions or assistance, both Colorado and Congress provide for additional exemptions, realizing that, more likely than not, these people do not have the ability to resume, or to carry on, a trade or profession whereby they can become self-sufficient.
The Court agrees with those cases cited by the debtor that state that Congress cannot delegate unfettered authority to the states to regulate bankruptcy exemptions. The states, if they decide to exercise the "opt-out" authority delegated by Congress, must provide their citizens with a scheme of bankruptcy exemptions that is not inconsistent with those of the Code. As pointed out, supra, although Colorado's scheme is not identical to 11 U.S.C. § 522(d), it is quite close. And it is the opinion of this Court that the Colorado law is in conformity with the federal legislative intent to provide the required "fresh start" to debtors in bankruptcy.
Therefore, the debtor may use only those exemptions provided for in Colorado law. Under Colorado law she may not claim as exempt the subject real property because she does not reside therein. Nor may she claim exempt the stove, refrigerator and dishwasher in the subject real property because, under C.R.S. XX-XX-XXX(1)(e), they are not being used by her or her dependents. Thus, under the debtor's proposed plan the unsecured creditors will receive less than the amount they would be paid if the estate of the debtor were liquidated under Chapter 7. See 11 U.S.C. § 1325(a)(4).
Accordingly, the Trustee's objections are well taken and are sustained. The debtor shall have 15 days within which to amend her Chapter 13 plan, or move to convert the proceedings to Chapter 7. If the debtor does not amend or convert within that time, the petition shall be dismissed, without further notice, for failing to obtain confirmation of a plan.

*336 APPENDIX[1]

 FEDERAL BANKRUPTCY EXEMPTIONS
------------------------------------------------------------------------------------------------------------------------------
 Type of Property | Amount of Exemption | Statute Creating Exemption
=====================================================|===========================================|============================
Debtor's aggregate interest in real or personal | $7,500.00 | 11 USC § 522(d)(1)
property that the debtor or a dependent | |
of the debtor uses as a residence; or in a | |
cooperative that owns property that the debtor | |
or a dependent of the debtor uses as a residence; | |
or in a burial lot for the debtor or a dependent | |
of the debtor | |
-----------------------------------------------------|-------------------------------------------|----------------------------
1 motor vehicle | $1,200.00 | 11 USC § 522(d)(2)
-----------------------------------------------------|-------------------------------------------|----------------------------
Household furnishings, household goods, wearing No monetary limit, except that | 11 USC § 522(d)(3)
apparel, appliances, books, animals, crops, | exemption for any particular item |
or musical instruments held primarily for the | cannot exceed $200.00 |
personal, family, or household use of the debtor |
or a dependent of the debtor | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Jewelry held primarily for personal, family, | $500.00 | 11 USC § 522(d)(4)
or household use of debtor or a dependent of | |
the debtor | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Any property selected by debtor | Unused portion of § 522(d)(1) | 11 USC § 522(d)(5)
 | exemption plus $400.00 |
-----------------------------------------------------|-------------------------------------------|----------------------------
Implements, professional books, or tools, of | $750.00 | 11 USC § 522(d)(6)
the trade of debtor or a dependent of the | |
debtor | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Unmatured life insurance contracts owned by | 100% | 11 USC § 522(d)(7)
debtor, except credit life insurance contracts | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Accrued dividends or interest under, or loan | $4,000.00 less any | 11 USC § 522(d)(8)
value of, any unmatured life insurance contract | amounts transferred by |
owned by debtor in which the insured is | insuror from cash reserve |
the debtor or a person of whom the debtor is a | for payment of premiums |
dependent | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Professionally prescribed health aids of debtor | 100% | 11 USC § 522(d)(9)
and dependents | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Social security, unemployment compensation, | 100% | 11 USC § 522(d)(10)(A)
or public assistance benefits | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Veterans' benefits | 100% | 11 USC § 522(d)(10)(B)
-----------------------------------------------------|-------------------------------------------|----------------------------
Disability, illness, or unemployment benefits | 100% | 11 USC § 522(d)(10)(C)
-----------------------------------------------------|-------------------------------------------|----------------------------
Alimony, support, or separate maintenance | 100% of amount reasonably necessary | 11 USC § 522(d)(10)(D)
 | for support of debtor and dependents |
-----------------------------------------------------|-------------------------------------------|----------------------------
Payments under stock bonus, pension, profit-sharing, | 100% of amount reasonably necessary | 11 USC § 522(d)(10)(E)
annuity, or similar plan or contract on | for support of debtor and dependents |
account of illness, disability, death, age, or | |
length of service | |
 NOTE - Exemption does not apply if: plan or contract was established under
 auspices of insider that employed debtor at time plan or contract arose; such
 payment is on account of age or length of service; and such plan or contract does
 not qualify under 26 USC §§ 401(a), 403(a), 403(b), 408, or 409.
------------------------------------------------------------------------------------------------------------------------------
Crime victim's reparation law benefits or | 100% | 11 USC § 522(d)(11)(A)
awards | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Payments on account of the wrongful death of | 100% of amount reasonably necessary | 11 USC § 522(d)(11)(B)
individual of whom debtor was a dependent | for support of debtor and dependents |
-----------------------------------------------------|-------------------------------------------|----------------------------
Payments under life insurance contract insuring | 100% of amount reasonably necessary | 11 USC § 522(d)(11)(C)
life of an individual of whom debtor was a | for support of debtor and dependents |
dependent | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Payments on account of personal bodily injury | $7,500.00 | 11 USC § 522(d)(11)(D)
of debtor or person of whom debtor is a dependent | |
(does not include compensation for | |
pain and suffering or actual pecuniary loss) | |
------------------------------------------------------------------------------------------------------------------------------
*337
 FEDERAL BANKRUPTCY EXEMPTIONS
------------------------------------------------------------------------------------------------------------------------------
 Type of Property | Amount of Exemption | Statute Creating Exemption
=====================================================|===========================================|============================
Payments in compensation for loss of future | 100% of amount reasonably necessary | 11 USC § 522(d)(11)(E)
earnings of debtor or person of whom debtor is | for support of debtor and dependents |
a dependent | |
------------------------------------------------------------------------------------------------------------------------------
 FEDERAL-NONBANKRUPTCY
------------------------------------------------------------------------------------------------------------------------------
 Type of Property | Amount of Exemption | Statute Creating Exemption
=====================================================|===========================================|============================
Disposable earnings (earnings after deductions | 75% OR 30 times the federal minimum | [*]15 USC sec. 1673
required by law) | hourly wage per week.[**] |
 | WHICHEVER IS GREATER |
-----------------------------------------------------|-------------------------------------------|----------------------------
Wages due masters, seamen and apprentices | no limit | 46 USC sec. 601
 | (does not apply to claims for maintenance |
 | and support of spouse and |
 | dependent children) |
-----------------------------------------------------|-------------------------------------------|----------------------------
Veterans Administration benefits (includes | no limit | 38 USC sec. 3101(a)
pensions, life insurance and disability benefits) | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Social Security benefits (includes retirement, | no limit | 42 USC sec. 407
death and disability benefits) | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Longshoremen and harbor workers medical, | no limit | 33 USC sec. 916
disability and death benefits | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Railroad employees retirement and disability | no limit | 45 USC sec. 231m
annuities | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Federal civil service disability and death benefits | no limit | 5 USC sec. 8130
-----------------------------------------------------|-------------------------------------------|----------------------------
Federal civil service retirement benefits | no limit | 5 USC sec. 8346(a)
-----------------------------------------------------|-------------------------------------------|----------------------------
Military Survivor Benefit Plan annuities | no limit | 10 USC sec. 1450(i)
-----------------------------------------------------|-------------------------------------------|----------------------------
Annuities paid to widows and dependent children | no limit | 28 USC sec. 376(n)
of Federal Justices and Judges | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Servicemen's group life insurance benefits | no limit | 38 USC sec. 770(g)
-----------------------------------------------------|-------------------------------------------|----------------------------
Veteran's group life insurance benefits | no limit | 38 USC sec. 770(g)
-----------------------------------------------------|-------------------------------------------|----------------------------
Deposits made in U.S. servicemen's savings | no limit | 10 USC sec. 1035(a)
institutions by servicemen while on permanent | |
duty assignment outside U.S. and its possessions | |
------------------------------------------------------------------------------------------------------------------------------
 Use of federal bankruptcy
 exemptions under 11 USC §
 COLORADO 522(d) not permitted in this
 state. See CRS 13-54-107
------------------------------------------------------------------------------------------------------------------------------
 Type of Property | Amount of Exemption | Statute Creating Exemption
=====================================================|===========================================|============================
Homestead occupied as home by owner | $20,000 | [*]CRS 38-41-201, 202
-----------------------------------------------------|-------------------------------------------|----------------------------
Necessary wearing apparel | $750 | CRS 13-54-102(1)(a)
-----------------------------------------------------|-------------------------------------------|----------------------------
Watches, jewelry and articles of adornment | $500 | CRS 13-54-102(1)(b)
-----------------------------------------------------|-------------------------------------------|----------------------------
Personal library, family pictures and school | $750 | CRS 13-54-102(1)(c)
books | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Burial sites for family members | 100% | CRS 13-54-102(1)(d)
-----------------------------------------------------|-------------------------------------------|----------------------------
Household goods | $1,500 | CRS 13-54-102(1)(e)
-----------------------------------------------------|-------------------------------------------|----------------------------
Provisions and fuel | $300 | CRS 13-54-102(1)(f)
-----------------------------------------------------|-------------------------------------------|----------------------------
Livestock and poultry of farmer | $3,000 | CRS 13-54-102(1)(g)
-----------------------------------------------------|-------------------------------------------|----------------------------
Machinery and tools of farmer | $2,000 | CRS 13-54-102(1)(g)
-----------------------------------------------------|-------------------------------------------|----------------------------
Armed Forces pension | 100% | CRS 13-54-102(1)(h)
------------------------------------------------------------------------------------------------------------------------------
*338
------------------------------------------------------------------------------------------------------------------------------
 Type of Property | Amount of Exemption | Statute Creating Exemption
=====================================================|===========================================|============================
Stock in trade, equipment and tools used | $1,500 | CRS 13-54-102(1)(i)
in occupation | [**]See note below |
-----------------------------------------------------|-------------------------------------------|----------------------------
Automobile used in occupation | $1,000 | CRS 13-54-102(1)(j)
-----------------------------------------------------|-------------------------------------------|----------------------------
Library of professional person | $1,500 | CRS 13-54-102(1)(k)
 | [**]See note below |
-----------------------------------------------------|-------------------------------------------|----------------------------
Avails of life insurance policies | $5,000 | CRS 13-54-102(1)(l)
-----------------------------------------------------|-------------------------------------------|----------------------------
Proceeds of claim and avails of insurance | Extent of exemption given for the | CRS 13-54-102(1)(m)
policies covering loss or destruction of exempt | lost or destroyed property |
property | |
-----------------------------------------------------|-------------------------------------------|----------------------------
Proceeds of claim for personal injuries | 100% | CRS 13-54-102(1)(n)
-----------------------------------------------------|-------------------------------------------|----------------------------
House trailer or trailer coach used as residence | $3,500 | CRS 13-54-102(1)(o)(I)
-----------------------------------------------------|-------------------------------------------|----------------------------
Mobile home used as residence | $6,000 | CRS 13-54-102(1)(o)(II)
-----------------------------------------------------|-------------------------------------------|----------------------------
Professionally-prescribed health aids | 100% | CRS 13-54-102(p)
-----------------------------------------------------|-------------------------------------------|----------------------------
Crime victims reparation law awards | 100% | CRS 13-54-102(q)
-----------------------------------------------------|-------------------------------------------|----------------------------
Homestead sale proceeds (for 1 year) | $20,000 | CRS 38-41-207
 | (cannot be commingled) |
-----------------------------------------------------|-------------------------------------------|----------------------------
Disposable earnings (net earnings after payroll | 75% of disposable earnings OR 30 | CRS 5-5-105, 13-54-104
deductions required by law) | times the federal minimum hourly |
 | wage per week, |
 | WHICHEVER IS GREATER |
-----------------------------------------------------|-------------------------------------------|----------------------------
Insurance proceeds from loss of homestead | Same as homestead exemption | CRS 38-41-209
-----------------------------------------------------|-------------------------------------------|----------------------------
Earnings, avails of health, accident or disability | 70% for family head | CRS 13-54-104
insurance and pension and retirement benefits | 35% for other persons |
-----------------------------------------------------|-------------------------------------------|----------------------------
Workmen's compensation benefits | no limit | CRS 8-52-107(1)
-----------------------------------------------------|-------------------------------------------|----------------------------
Unemployment compensation benefits | no limit | CRS 8-80-103
-----------------------------------------------------|-------------------------------------------|----------------------------
Proceeds of group life insurance policies | no limit | CRS 10-7-205
-----------------------------------------------------|-------------------------------------------|----------------------------
Sickness and accident insurance benefits | $200 per month and no limit on | CRS 10-8-114
 | lump sum payments |
-----------------------------------------------------|-------------------------------------------|----------------------------
Fraternal Benefit Society benefits | no limit | CRS 10-14-122
-----------------------------------------------------|-------------------------------------------|----------------------------
Teacher's retirement benefits | no limit | CRS 22-64-120
-----------------------------------------------------|-------------------------------------------|----------------------------
Public employees' retirement benefits | no limit | CRS 24-51-120, 219
-----------------------------------------------------|-------------------------------------------|----------------------------
Public assistance payments | no limit | CRS 26-2-131
-----------------------------------------------------|-------------------------------------------|----------------------------
Police pension benefits | no limit | CRS 31-30-313, 616
-----------------------------------------------------|-------------------------------------------|----------------------------
Firemen's pension benefits | no limit | CRS 31-30-412, 518
-----------------------------------------------------|-------------------------------------------|----------------------------
Public employees' deferred compensation | 75% or 30 times the federal minimum | CRS 24-52-102(4)
 | hourly wage per week, |
 | WHICHEVER IS GREATER |
------------------------------------------------------------------------------------------------------------------------------

NOTES
[*] CRS stands for Colorado Revised Statutes of 1973
[*] CRS stands for Colorado Revised Statutes of 1973
[**] Note: may use either the exemption in CRS 13 54 102(1)(i) or the exemption in CRS 13 54 102(1)(k), but not both.
[*] CRS stands for Colorado Revised Statutes of 1973
[**] Note: may use either the exemption in CRS 13 54 102(1)(i) or the exemption in CRS 13 54 102(1)(k), but not both.