**In re Michael Allen McTEARNEN and Carol Lynn McTearnen, Debtors/Applicants,**

**v.**

**ASSOCIATES FINANCIAL SERVICES COMPANY OF COLORADO, INC., Respondent.**

**Bankruptcy No. 85 B 04404 J.**

United States Bankruptcy Court, D. Colorado.

Nov. 15, 1985.

John D. Watson, Denver, Colo., for Associates Financial Services Co. of Colorado, Inc.

George T. Carlson, Littleton, Colo., for debtors.

## MEMORANDUM OPINION
## AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on the Debtors' Motion to Void Lien of Associates Financial Services Company of Colorado, Inc. ("Associates") under 11 U.S.C. § 522(f).

The parties stipulated that Associates has a valid perfected non-purchase money security interest in the following property: one tent, one sleeping bag, one back pack, two fishing rods, one bicycle, and some miscellaneous tools. They agreed that the total value of these items is $125.00.

The parties do not agree on whether these items are "household goods" under 11 U.S.C. § 522(f). They did agree that some other items were "household goods".

The purpose of § 522(f) is to protect "the Debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property." House Report No. 95–595, 95th Cong., 1st Sess. 362 (1977); Senate Report No. 95–989, 95th Cong. 2d. Sess. 76 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5862, 6318 (under subsection (e)).

The purpose of exemptions is to give a debtor a "fresh start".

What does an able-bodied debtor need for a "fresh start"? A glance at both the federal and Colorado exemptions shows that he needs, basically, the tools of his trade or profession, some minimal food and clothing, the means to provide shelter for him and his family, and some household goods. *In re Parrish*, 19 B.R. 331 at 335 (Bankr.Colo.1982).

The items in dispute do not represent the types of property a debtor needs for his "fresh start", but can more readily be classified as "recreational" property. It is not of such a character that without it, the Debtor will not be able to support himself or his family nor will he be unable to get a "fresh start". It is, therefore,

ORDERED that the lien of Associates on the disputed items of personal property cannot be avoided under 11 U.S.C. § 522(f) and that the lien on the other undisputed property is void.

FURTHER ORDERED that Debtors shall have ten (10) days to Amend their Plan to provide for the secured interest of Associates in the sum of $125.00, failing which the case shall be dismissed.