In re Debra Lynn **GREENLEE**, a/k/a Debbie Greenlee and Zen Russell Greenlee, Debtors.

Bankruptcy No. 86 B 01520 J.

United States Bankruptcy Court, D. Colorado.

June 3, 1986.

Tom H. Connolly, Glenwood Springs, Colo., Trustee.

Jeffrey M. Villanueva, Bader & Cox, Denver, Colo., for debtors.

**258**

## ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER is before the Court on the Trustee's Objection to Claimed Exemption, in which he objected to the debtors' claimed right to an exemption for guns and household goods and to debtor Debra Greenlee's claim right to an exemption for mechanics tools as tools of the trade. The debtors filed a response to the objection stating that Mrs. Greenlee used the mechanics tools in assisting her husband with repair work, and that the guns are used for hunting to provide food for the debtors. The Trustee's reply to the response withdraws the objection to the claim of exemption for mechanics tools made by Mrs. Greenlee, in view of this Court's recent decision in *In re Reeder*, 60 B.R. 312 (Bankr.Colo.1986). The Trustee does not dispute the contentions that the guns are used for hunting and that the debtors use the game for food. However, he continues his objection to the claimed exemption for guns as household goods.

The Colorado exemption statute simply provides for the exemption of

(e) The household goods owned and used by the debtor and used by his dependents to the extent of fifteen hundred dollars in value

Section 13–54–102, C.R.S. 1973, as amended.

It is well-established that this exemption statute is to be liberally construed. *In re Hellman*, 474 F.Supp. 348 (D.C.Colo.1979); *In re Chavez*, 26 B.R. 129 (Bankr.Colo.1983). In addition, this Court has noted that the "fresh start" intended by the Bankruptcy Code and the Colorado exemption statutes includes discharge of the debtors' debts, tools of his trade, minimal food and clothing, means to provide shelter for the debtor and his family, and household goods. *In re Keyworth*, 47 B.R. 966, 974–975 (D.C.Colo.1985), *citing In re Parrish*, 19 B.R. 331, 335 (Bankr.Colorado 1982).

■ However, the debtor may not include recreational items in his exemption for household goods. This Court recently held that camping equipment including a tent, a sleeping bag, a backpack, two fishing rods, a bicycle, and miscellaneous tools did not constitute household goods. *In re McTearnen*, 54 B.R. 764, 13 B.C.D. 921 (Bankr.Colo.1985). The major use of this property was recreation, and it was not "of such a character that without it, the debtor will not be able to support himself or his family nor will he be able to get a 'fresh start.'" *Id.*

■ Similarly, although it is not disputed that the debtors employ the guns for hunting and eat the game they kill, there is no evidence that the debtor and his family would be unable to support and feed themselves without hunting. As with the fishing rods in *McTearnen*, the guns are primarily recreational items, not property essential to the debtor's "fresh start." It is, therefore,

ORDERED that the Trustee's objection to the claimed exemption for guns as household goods is sustained. The debtors shall have ten (10) days from the date of this order to amend their schedules so as to remove the claimed exemption for the guns.