Kenneth L. SPEARS, Appellant,

v.

UNITED STATES TRUSTEE, Appellee.

No. 93–6393.

United States Court of Appeals,
Tenth Circuit.

June 16, 1994.

Kenneth L. Spears, James F. Tubb, and Derice A. Madoux, of Kenneth L. Spears, P.C., Oklahoma City, OK, for appellant.

John E. Foulston, U.S. Trustee, Herbert M. Graves, Asst. U.S. Trustee, Charles E. Snyder, Atty., Office of the U.S. Trustee, Oklahoma City, OK, Martha L. Davis, General Counsel, Jeanne M. Crouse, Atty., Executive Office for U.S. Trustees, Washington, DC, for appellee.

Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

The trustee for the debtor appeals from a district court order affirming a decision of the bankruptcy court, which granted appointment of the trustee's law firm as counsel, but only prospectively (retroactive appointment to cover earlier legal work had been sought), and denied compensation for its prior services. We do not reach the merits of this appeal, as we determine that appellate jurisdiction is lacking over the challenged rulings. See Lopez v. Behles (In re Am. Ready Mix, Inc.), 14 F.3d 1497, 1499 (10th Cir.1994) ("this court has an independent duty to inquire into its jurisdiction over a dispute, even where neither party contests it").

■■■ Orders relating to the appointment of counsel in bankruptcy are interlocutory and unappealable until final disposition of the proceeding.[1] See, e.g., Security Pac. Bank Washington v. Steinberg (In re Westwood Shake & Shingle, Inc.), 971 F.2d 387, 389–91 (9th Cir.1992); Foster Sec., Inc. v. Sandoz (In re Delta Servs. Indus.), 782 F.2d 1267, 1272–73 (5th Cir.1986); In re Continental Inv. Corp., 637 F.2d 1, 4–8 (1st Cir.1980); Deutsche Credit Corp. v. Rosania (In re Nucor, Inc.), 118 B.R. 786, 788 (D.Colo.1990) (collecting cases). This rule is particularly apt here, where counsel's employment is ongoing and the dispute ultimately comes down to the temporally restricted but as yet undetermined amount of his compensation. See Callister v. Ingersoll–Rand Fin. Corp. (In re Callister), 673 F.2d 305, 307 (10th Cir.1982) (interim orders regarding appointed counsel's fees are not subject to immediate appeal); see also Boddy v. United States Bankr. Court, (In re Boddy), 950 F.2d 334, 336 (6th Cir.1991) (recent summary of case law generally precluding interim fee appeal). Furthermore, the district court's affirmance of the bankruptcy court's decision, while permissible under 28 U.S.C. § 158(a),[2] does not alter its interlocutory character for purposes of our appellate jurisdiction. See Adelman v. Fourth Nat'l Bank & Trust Co., NA. (In re Durability, Inc.), 893 F.2d 264, 266 (10th Cir.1990).

■■■ Under certain circumstances, a premature notice of appeal may "ripen," i.e.,

---

* Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. We express no opinion on the appealability of orders disqualifying, or refusing to appoint, counsel. See Interwest Business Equip., Inc. v. United States Trustee, 23 F.3d 311, 314 (10th Cir.1994) (assuming, but not deciding, that appeal from order denying approval of debtors' counsel was premature); see also In re BH & P,

Inc., 949 F.2d 1300, 1307 (3d Cir.1991) (order jointly disqualifying trustee and trustee's counsel held appealable); In re Continental Inv. Corp., 637 F.2d 1, 4–8 (1st Cir.1980) (unlike order approving counsel, order disqualifying counsel may be appealable).

2. We note, however, there is no indication in the record that the district court properly treated this case as involving a discretionary interlocutory appeal under § 158(a).

subsequently become effective, provided all remaining outstanding matters are adjudicated before the appeal comes before this court for disposition on the merits. *See, e.g., Interwest Business Equip., Inc. v. United States Trustee,* 23 F.3d 311, 314 (10th Cir.1994) (appeal from order denying debtors' application for employment of counsel ripened upon final disposition of bankruptcy proceedings). Here, however, proceedings in the underlying case—including the integral matter of appointed counsel's ultimate fee—are still pending in the bankruptcy court.

This appeal also falls outside the remedial scope of *Lewis v. B.F. Goodrich Co.,* 850 F.2d 641, 645–46 (10th Cir.1988), wherein we established a mechanism for curing premature appeals through use of the Fed.R.Civ.P. 54(b) certification procedure. While certification is available in bankruptcy proceedings by virtue of Rule 54(b)'s incorporation in Bankr.R. 7054(a), *see Adelman,* 893 F.2d at 266; *see also* Bankr.R. 9014 (Rule 7054 applicable in all contested matters), the procedure may only be used to permit appeal from orders that finally resolve at least the discrete claim for which review is sought, *see Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n. 1 (10th Cir.1991); *Strey v. Hunt Int'l Resources Corp.,* 696 F.2d 87, 88 (10th Cir. 1982). Here, the bankruptcy court determined only the effective date of counsel's appointment, leaving the fee for counsel's (continuing) services for future determination. We therefore lack a final order even as to the particular matter appealed. *See Pennsylvania Nat'l Mut. Casualty Ins. Co. v. City of Pittsburg,* 987 F.2d 1516, 1520–21 (10th Cir.1993) (quoting *Phelps v. Washburn Univ. of Topeka,* 807 F.2d 153, 154 (10th Cir.1986)). Under the circumstances, Rule 54(b) certification is simply not an available option.[3]

Accordingly, the appeal is DISMISSED.

---

3. Indeed, some courts have held that interim fee orders, being intrinsically nonfinal, are not subject to Rule 54(b) certification even when the amount of the award is determined. *See Shipes v. Trinity Indus., Inc.,* 883 F.2d 339, 341 (5th Cir.1989); *see also People Who Care v. Rockford Bd. of Educ. Dist. No. 205,* 921 F.2d 132, 134 (7th Cir.1991).