**In re UNION HOME AND INDUSTRIAL, INC.,**
**Debtor.**

**Union Home and Industrial, Inc., Appellant.**

**Nos. 06–060, 11–04–15755 SR.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Oct. 15, 2007.

Jennie D. Behles, Albuquerque, NM, for Debtor.

Before MICHAEL, NUGENT, and BROWN, Bankruptcy Judges.

## ORDER DISMISSING APPEAL

Debtor Union Home and Industrial, Inc. ("Appellant") appeals an order of the bankruptcy court granting in part, and denying in part, the Appellant's application to employ counsel. The order *sua sponte* vacates an earlier interim order of the bankruptcy court approving employment of appellant's counsel *nunc pro tunc* to the date of the Appellant's employment application. The bankruptcy court set aside its previous order based, in part, on its realization that Appellant failed to file a separate Rule 2014 statement with its original employment application. Pending filing of an appropriate Rule 2014 statement, the bankruptcy court order grants Appellant's application prospectively, from the approximate date upon which bankruptcy court personnel discovered the deficiency in Appellant's application. Because the order of the bankruptcy court is not a final order and does not meet the requirements of the collateral order exception, we dismiss the appeal for lack of jurisdiction.

## I. Factual Background

The Appellant filed its voluntary petition under Chapter 11 on August 9, 2004. The Appellant then filed a motion to employ Ms. Jennie Deden Behles as attorney in this case on August 10, 2004. On November 17, 2004, the bankruptcy court entered an interim order approving the employment of Ms. Behles (and her firm) at $200 per hour, and reserved judgment on an hourly rate of $250 per hour for senior attorney services for a later time.

Subsequently, the bankruptcy court, sua sponte and without hearing, reviewed the application for employment and found that Ms. Behles had failed to file a separate statement, as required by Federal Rule of Bankruptcy Procedure 2014,[1] as to any conflicts of interest that might be present in this case. In lieu of a separate statement, the employment application merely stated: "To the best of the attorneys knowledge, attorneys have no conflict with the Debtor, their creditors, the United States Trustee or any person employed in the office of the United States Trustee or any party in interest herein that would disqualify attorneys from this representation pursuant to 11 U.S.C. § 327."[2] As a result of the failure to file a Rule 2014 statement, on April 1, 2005, the bankruptcy court set aside the employment order it had previously entered.[3] In its Order and Memorandum on the Motion to Employ Counsel ("Order"), the court ordered Ms. Behles to file a separate Rule 2014 statement, which she did, and granted her prospective employment as of March 1, 2005.

On April 8, 2005, the Appellant filed a motion to reconsider the Order. The bankruptcy court granted that motion in part by order entered February 9, 2006, allowing the Appellant an additional opportunity to brief the issues before the court.[4] After considering Appellant's briefs, the bankruptcy court entered its May 19, 2006,

---

**1.** Subsequent references to the Rule or Rules shall refer to the Federal Rules of Bankruptcy Procedure.

**2.** Motion to Employ Counsel, *in* Appellant's App. at 671.

**3.** The bankruptcy court also denied counsel's request for an hourly rate of $250. *See* Memorandum Opinion in Support of Order on Debtor in Possession's Motion to Employ Counsel at 25, *in* Appellant's App. at 439.

**4.** *See* Memorandum Opinion and Order Granting in Part Debtor in Possession's Motion for Reconsideration of Order Denying Application to Employ Counsel, *in* Appellant's App. at 119.

Memorandum Opinion and Order Reconsidering Order Denying Application to Employ Counsel and Affirming that Denial ("Reconsideration Order"). In its Reconsideration Order, the bankruptcy court denied Appellant any substantive relief requested by its motion for reconsideration, effectively denying Ms. Behles' employment prior to March 1, 2005. To date, Ms. Behles has not filed an application for a final fee award in the bankruptcy case.[5]

On June 26, 2007, this Court issued an Order to Show Cause why this appeal should not be dismissed as interlocutory. The Appellant timely filed a Response arguing that the bankruptcy court's Reconsideration Order is an order denying employment application and therefore final and properly subject to review.

## II. Appellate Jurisdiction

 With consent of the parties, the Court has jurisdiction to hear appeals from final judgments, orders, or decrees of the bankruptcy courts of this Circuit. 28 U.S.C. §§ 158(a)(1), (b)(1), and (c)(1). Appellant, being the only party to this appeal, has consented to the Court's jurisdiction by opting not to have the appeal heard by the United States District Court for the District of New Mexico. 28 U.S.C. § 158(c)(1)(A). Nevertheless, the Court has an independent obligation to ensure that jurisdiction is present, even if the Appellant has consented. *In re Am. Ready Mix*, 14 F.3d 1497, 1499 (10th Cir. 1994).

 An order is final, and therefore immediately appealable, under 28 U.S.C. § 158(a)(1) if it ends the dispute on the merits and leaves the court with nothing to

do but execute the judgment. *In re Hatcher*, 208 B.R. 959, 966 (10th Cir. BAP 1997), *aff'd*, 133 F.3d 932 (10th Cir.1998). Non-final orders may also be appealable through operation of the collateral order exception. *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1492 (10th Cir.1994). The collateral order exception requires a party to show that an order (1) conclusively determines a disputed question; (2) resolves an important issue separate from the merits of the action; and (3) that the party would suffer irreparable harm if immediate appeal is not granted. *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 430–31, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). All three requirements must be met before the doctrine will apply. *Kennecott*, 14 F.3d at 1492 (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988)).

The jurisdictional issue presented in this case is whether the Reconsideration Order is a final order or one that falls within the collateral order exception. Based on the following analysis, we conclude that the Reconsideration Order is neither a final order nor subject to the collateral order exception. Therefore, we dismiss the appeal for lack of jurisdiction.

## III. Discussion

 In the context of professional employment applications or applications for fee allowances, some general rules exist concerning finality. At one end of the spectrum, orders which merely grant employment to a professional in a given case or deny a motion to disqualify counsel, as well as orders approving interim fee

---

**5.** In *In re Union Home and Indust., Inc.*, NM–06–074, 375 B.R. 912, 2007 WL 2938924 (10th Cir. BAP 2007), this Court affirmed the bankruptcy court's denial of Appellant's application for entry of a final decree on the ground that the case had not been fully administered due to the fact that final fee applications had not yet been submitted or determined.

awards, are purely interlocutory. *See, e.g., In re Nucor, Inc.*, 118 B.R. 786, 788 (D.Colo.1990) (order approving counsel's employment non-final); *In re Devlieg, Inc.*, 56 F.3d 32, 33–34 (7th Cir.1995) (order refusing to disqualify counsel non-final); *In re Callister*, 673 F.2d 305, 307 (10th Cir.1982), *aff'd*, 1984 WL 249787 (10th Cir. April 16, 1984) (interim fee awards non-final). These types of orders do not conclusively determine any issues under §§ 327 or 330, because a professional may always be removed or replaced during the course of a bankruptcy, and interim fee awards are subject to modification and possibly forfeiture.

■ On the other end of the spectrum are orders that either deny a professional's employment outright, or fix a final fee award in a given case. These orders are final and would be subject to immediate review, because they conclusively determine whether a professional will even participate in a given case, or how much compensation that professional is ultimately awarded. *See, e.g., In re BH & P Inc.*, 949 F.2d 1300, 1307 (3d Cir.1991) (order disqualifying and removing trustee and counsel final for purposes of appeal); *In re Spillane*, 884 F.2d 642, 644 (1st Cir.1989) (quoting *In re Yermakov*, 718 F.2d 1465, 1469 (9th Cir.1983)) (fee award considered final where it " 'conclusively determined the entire section 330 compensation to be paid' " to a professional). Once these types of orders have entered, there is nothing more for the trial court to decide on those particular issues, and they are therefore separable and properly considered on appeal.

■ The employment application order appealed in this case falls somewhere between the two ends of the spectrum. However, we are not without guidance, because the United States Court of Appeals for the Tenth Circuit ("Tenth Cir-

cuit") addressed the issue of finality in a very similar context in *Spears v. United States Trustee*, 26 F.3d 1023 (10th Cir. 1994). In *Spears*, the bankruptcy court's order granted the appointment of the trustee's law firm, but only prospectively from the date of the application. *Id.* at 1024. The application also sought retroactive employment to cover prior services rendered on behalf of the trustee. *Id.* After stating the general proposition that "[o]rders relating to the appointment of counsel ... are interlocutory and unappealable until final disposition of the proceeding," the Tenth Circuit held the order to be non-final for the purpose of appellate review. *Id.* The Tenth Circuit's rationale was that "counsel's employment is ongoing and the dispute ultimately comes down to the temporally restricted but as yet undetermined amount of his compensation." *Id.*

The Appellant argues that because Ms. Behles' employment has effectively been denied from August 11, 2004 until March 1, 2005, the Reconsideration Order should be characterized as an "order denying employment" and thus be final and appealable. If this were the case, *Spears* would be inapplicable because the Tenth Circuit specifically stated that it expressed no opinion on whether an order denying employment would be considered final or not. *Id.* at 1024 n. 1. However, we disagree with Appellant's characterization of the Reconsideration Order as one denying employment. In this case, Ms. Behles was granted employment effective March 1, 2005, and has yet to file a final fee application. As a result, although her employment is not actively ongoing as it was in *Spears*, the Reconsideration Order merely relates to the "temporally restricted but as yet undetermined amount" of Ms. Behles' final compensation award under § 330, as per *Spears*. Therefore, the Reconsideration Order is interlocutory in nature.

Ms. Behles still has the opportunity to submit fee requests for the period covered by the original disputed order, as well as fee requests for the remainder of her services. Ms. Behles may not be able to secure the results desired, given the Appellant's earlier attempt to convince the bankruptcy judge to revise his prior order. Nevertheless, the Reconsideration Order is capable of revision by the bankruptcy court, and therefore not suitable for review. Once the bankruptcy court has made a determination regarding Ms. Behles' final fee entitlement, this Court will be in a better position to conduct an appropriate and thorough review of all issues relating to her employment and compensation as an attorney in this case.

Finally, the Appellant did not expressly raise the collateral order exception in response to this Court's Order to Show Cause. Rather, the Appellant argued that unless this appeal is heard right now, nothing further could ever be done relating to the original Order denying counsel's employment during a portion of the bankruptcy. Even if this argument could be interpreted to invoke the collateral order exception, the third requirement of the exception, that the party will suffer irreparable harm if immediate appeal is not granted, is not met in this case. There is no irreparable harm because the issue appealed will be reviewable following the bankruptcy court's final order on allowable fees. At that point, this Court would be in a better position to assess all of the issues related to compensation, and would not be forced to adjudicate the issues relating to Ms. Behles' compensation in piecemeal fashion.

## IV. Conclusion

Because the Reconsideration Order is not a final order and does not fall within the collateral order exception, it is HERE-BY ORDERED that this appeal is DISMISSED for lack of jurisdiction.