**In the Matter of DEVLIEG, INCORPORATED, Debtor.**

**Appeal of DEVLIEG–BULLARD, INCORPORATED.**

**No. 94–3724.**

United States Court of Appeals, Seventh Circuit.

Submitted April 8, 1995.

Decided June 6, 1995.

Chad H. Gettleman (submitted), Mark A. Carter, Adelman, Gettleman & Merens, Chicago, IL, for appellant Devlieg–Bullard, Inc.

Craig Willette, Ritz, Shair & Anderson, Bernard J. Natale, Rockford, IL, for Trustee-appellee Bernard J. Natale.

Bernard J. Natale, Rockford, IL, for debtor Devlieg, Inc.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

PER CURIAM.

■ In an ordinary civil case, an order either disqualifying or refusing to disqualify a law firm is not appealable when entered, because it is not deemed "final" within the meaning of 28 U.S.C. § 1291, which governs the appeal of such cases. The party complaining about the order must wait until there is a final judgment. *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). Bankruptcy, too, has a final-judgment rule. 28 U.S.C. § 158(d). But myriad are the cases which say that finality is to be interpreted more liberally in bankruptcy cases. E.g., *In re Gould*, 977 F.2d 1038, 1040–41 (7th Cir.1992); *In re Kilgus*, 811 F.2d 1112, 1116 (7th Cir. 1987). The principal reason, it is true, is remote from the present case—is that those "cases" are often not unitary proceedings at all, but instead agglomerations of distinct proceedings. The clearest example is where there are adversary proceedings between the trustee and particular debtors or creditors of the bankrupt, each of which would be a stand-alone lawsuit outside of bankruptcy. *In re Morse Electric Co.*, 805 F.2d 262, 264–65 (7th Cir.1986). The order sought to be appealed in this case merely refused to disqualify a law firm hired to represent the Chapter 11 debtor in several specific matters. The firm had represented the debtor before the debtor had declared bankruptcy and thus, the creditor seeking disqualification argued, was not disinterested—a prerequisite to retention, under the relevant provision of the Bankruptcy Code. 11 U.S.C. § 327(e). The creditor appealed this refusal to the district court, as it could do (with that court's permission) even if the bankruptcy judge's order was nonfinal. 28 U.S.C. § 158(a); *In re Jartran, Inc.*, 886 F.2d 859, 865–66 (7th Cir.1989). The district court affirmed, and the creditor now appeals to us. For reasons explained in *In re Szekely*, 936 F.2d 897, 899–900 (7th Cir.1991), we have jurisdiction only if both the bankruptcy judge's order and the district judge's order were final.

We have decided against appealability in the closely related setting of a motion to

disqualify counsel under 11 U.S.C. § 327(a). *In re Firstmark Corp.*, 46 F.3d 653 (7th Cir.1995); cf. *In re Klein,* 940 F.2d 1075 (7th Cir.1991). (The two other circuits to have examined the issue have divided over it, however. Compare *In re Westwood Shake & Shingle, Inc.,* 971 F.2d 387 (9th Cir.1992), with *In re F/S Airlease II, Inc.,* 844 F.2d 99, 103–05 (3d Cir.1988).) The only difference between the two subsections is the scope of the retention. Section 327(a) governs retention of counsel to handle the entire bankruptcy proceeding for the debtor, section 327(e) the retention of counsel to handle specific matters. Since the retention is narrower under the latter section, the requirement of disinterestedness, which appears in both sections, is more easily satisfied. But the difference is not related to the considerations bearing on appealability. In either case we have a law firm retained to represent the bankrupt estate in just the same way that a law firm is retained to represent an ordinary person or firm and might be challenged as having a conflict of interest. The decisions that deny the appealability of orders disqualifying or refusing to disqualify counsel in ordinary civil cases retain their force.

■ This conclusion might be questioned on the following ground. In the ordinary civil case, a party is objecting to the retention *by his opponent* of a lawyer who may have worked for the objector previously or otherwise has (the objector argues) a conflict of interest. In this case, the creditor, as a claimant to the assets of the bankrupt estate that is being represented by the challenged law firm, objects to having those assets squandered (as the creditor sees it) on a law firm that will not do a decent job because it is not disinterested. The creditor points out that the law firm is a small firm—it has only five partners—which, should it eventually be found to have been hired improperly, might not be able to repay all the fees it had been paid, or even just the difference between those fees and the value of its work to the debtor's estate. In so arguing the creditor appeals to the collateral order doctrine, and specifically to our case of *Palmer v. City of Chicago,* 806 F.2d 1316 (7th Cir.1987), as authority for allowing an immediate appeal. *Palmer* involved an interim award of attor-

ney's fees to a class of prisoners, and the prospects for recoupment should the class eventually be held not to be entitled to fees were very slight, or even nil. Compare *Estate of Drayton v. Nelson,* 53 F.3d 165, 167 (7th Cir.1994). This case is far less extreme, and indeed the foundation of the creditor's concern for the law firm's future solvency is entirely conjectural. Cases such as *In re Grabill Corp.,* 983 F.2d 773, 775 (7th Cir. 1993), and *In re Taxman Clothing Co.,* 49 F.3d 310 (7th Cir.1995), take for granted, not unrealistically in the mine run of cases, that interim payments to bankruptcy counsel can be recouped if after the final decision in the bankruptcy proceeding the court orders the return of those payments in whole or part to the debtor's estate.

The creditor has failed to show that an immediate appeal is required to ward off irreparable harm, an essential element of the collateral order doctrine. The appeal is

DISMISSED.