In re MACHINERY, INC., Debtor.

General Electric Capital Corporation,
Creditor–Appellant,

v.

Machinery, Inc., Debtor–Appellee.

No. 01–6073EM.

United States Bankruptcy Appellate Panel
for the Eighth Circuit.

Submitted: March 11, 2002.

Filed: March 29, 2002.

David E. Runck, Connie A. Lahn, Minneapolis, MN, Constantine Karides, New York City, Michael T. Marrah, St. Louis, MO, for appellant.

Norman W. Pressman, Patricia A. Wilcox, St. Louis, MO, for appellee.

Before KRESSEL, DREHER, and FEDERMAN, Bankruptcy Judges.

DREHER, Bankruptcy Judge.

General Electric Capital Corporation ap-

peals from the bankruptcy court's [1] order of September 28, 2001. For the reasons set forth below, we dismiss the appeal.

Debtor, Machinery, Inc. ("Debtor"), is in the business of renting and selling heavy equipment, including aerial lifts. General Electric Capital Corporation ("GE Capital") financed the purchase of, and holds a perfected security interest in, Debtor's inventory of approximately 150 such lifts. The security interest extends to profits and proceeds, including leases, accounts, contract rights, chattel paper and rental instruments with respect to the inventory, and all cash and noncash proceeds generated by such inventory. GE Capital also contends that, by reason of cash collateral orders issued during the course of the Chapter 11 proceedings, it is entitled to replacement liens against all of the assets of Debtor's bankruptcy estate to the extent of any cash collateral used by the Debtor pursuant to such orders.

GE Capital filed a secured claim in Debtor's Chapter 11 case in the amount of $2,948,160.77, which, after giving credit for payments made during the case, was $2,582,680.14, exclusive of postpetition interest, attorneys' fees and costs. GE Capital contended that the value of all types of its collateral exceeded $3 million and that, accordingly, it was entitled to postpetition interest, as well as attorneys' fees and costs under 11 U.S.C. § 506(c). Debtor disagreed and filed a plan of reorganization which proposed to treat GE Capital as an undersecured creditor with a secured claim of approximately $1,700,000. Debtor's plan proposed to cram down this valuation on GE Capital pursuant to 11 U.S.C. § 1129(b)(2)(A)(i). In response, GE Capital filed a motion pursuant to 11 U.S.C. § 506(a) for a determination of the value of

its secured claim. While GE Capital valued the inventory of airlifts at approximately $2.6 million, the motion also placed in issue the valuation of other parts of GE Capital's collateral, including accounts receivable and replacement liens. Debtor responded, challenging the value of each of these distinct forms of collateral.

Following an initial hearing on the motion, the bankruptcy court issued the order which is the subject of this appeal, determining the value of the aerial lifts. At the parties' request, the court delayed ruling on the issues relating to the value of the accounts receivable and cash proceeds pending additional discovery. The court allowed GE Capital a secured claim in the amount of $1,668,000.00 with respect to the aerial lifts. GE Capital appealed the order and debtor filed a motion to dismiss the appeal or, in the alternative, for a temporary abstention from hearing the appeal on the ground that the appeal was interlocutory. After review by an administrative panel, the motion to dismiss or abstain was denied. Upon further review of the entire record, a benefit the administrative panel did not have, we vacate the administrative panel's order and dismiss this appeal.

■ As discussed in *Moix–McNutt v. Coop (In re Moix–McNutt)*, 215 B.R. 405, 407 (8th Cir. BAP 1997), 28 U.S.C. § 158(a)(1) confers jurisdiction on bankruptcy appellate panels to hear appeals from "final judgments, orders, and decrees," a small list of interlocutory orders and, in its discretion, other interlocutory orders. *Id.* at 408 (*citing* 28 U.S.C. §§ 158(a)(2) & (3) (conferring jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees...."). A final order "ends the liti-

**1.** The Honorable David P. McDonald, United States Bankruptcy Judge for the Eastern District of Missouri.

gation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) (citations omitted).

■ The bankruptcy court left three issues unresolved: the value of the accounts receivable, the amount of the cash proceeds relating to the lifts, and the determination of the amount of the debt. The litigation on the merits was not "final" and we find the order valuing the secured claim with respect to the lifts to be interlocutory. We are not bound by an order of the administrative panel initially exercising its discretion to deny the motion to dismiss or abstain. This court has a duty to review its own jurisdiction of an appeal *sua sponte* at any point in the appellate process. *See Ray v. Edwards,* 725 F.2d 655, 658 (11th Cir.1984). "Decisions by motions panels are summary in character, made often on a scanty record, and not entitled to the weight of a decision made after plenary submission." *Nieters v. Sevcik (In re Rodriquez),* 258 F.3d 757, 758 (8th Cir.2001)(*quoting United States v. City of Milwaukee,* 144 F.3d 524, 526 n. 1 (7th Cir.1998)). "Certainly when the panel is merely deciding whether an appeal should be heard, rather than disposing of the appeal, its decision should be regarded as tentative, and therefore revisable by the merits panel." *Johnson v. Burken,* 930 F.2d 1202, 1205 (7th Cir.1991). The administrative panel's order was issued without the benefit of the appendix and transcript and upon further review we vacate it as improvidently issued.

Ordinarily, a party seeking leave of the court to challenge an interlocutory order must file a motion for leave to appeal. FED. R. BANKR. P. 8003(a). However, "[i]f a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the ... bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed." FED. R. BANKR. P. 8003(c). Bankruptcy Rule 8003(c) also provides in part: "The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal." *Id.* Considering the prior history of this appeal, we construe the notice of appeal as a motion for leave to appeal.

■ In deciding whether to grant a motion for leave to appeal, we typically apply the standards found in 28 U.S.C. § 1292(b) which define the jurisdiction of courts of appeal to review interlocutory orders. *See Moix–McNutt,* 215 B.R. at 409 n. 6 (citations omitted); *Wicheff v. Baumgart (In re Wicheff),* 215 B.R. 839 (6th Cir. BAP 1998) (citations omitted). Section 1292(b) requires that: (1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "Review under § 1292(b) should be sparingly granted and then only in exceptional cases." *Wicheff,* 215 at 844 (*citing Abel v. Shugrue (In re Ionosphere Clubs, Inc.),* 179 B.R. 24, 28 (S.D.N.Y. 1995)) ("[L]eave to appeal from interlocutory orders should be granted only in 'exceptional circumstances' because to do otherwise would 'contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation.'"). Nothing in the record before us suggests that "an immediate appeal would materially advance the termination of the litigation." *Wicheff,* 215 B.R. at 844. The bankruptcy court

must resolve the valuation of the accounts receivable and the cash proceeds prior to the termination of the litigation.

ACCORDINGLY, we vacate the administrative panel's order of November 8, 2001. Having construed Appellant's notice of appeal as a motion for leave to appeal, we also deny the request for leave to appeal and dismiss this appeal as interlocutory.