**BIG MAC MARINE, INC., William L. Needler & Associates, Ltd., Appellants,**

v.

**Jerry L. JENSEN, Attorney Adviser, U.S. Trustee, Pinnacle Bank, Appellees.**

No. 4:03CV3302.

United States District Court, D. Nebraska.

Feb. 13, 2004.

William L. Needler, William L. Needler & Associates, Ltd., Ogallala, NE, for Appellants.

John O'Brien, Kerr, Brosseau Law Firm, Denver, CO, for Appellees.

U.S. Bankruptcy Clerk, U.S. Bankruptcy Court, Lincoln, NE, for Interested Party.

Patricia M. Dugan, U.S. Trustee, Omaha, NE, for Trustee.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter is before the court on the motion of appellee Pinnacle Bank ("the Bank") to dismiss this appeal. Filing No. 6. Big Mac Marine, Inc. ("the debtor") and William L. Needler & Associates, Ltd., ("the law firm" or "the Needler firm") seek to appeal an order of the bankruptcy court dated July 10, 2003. Filing No. 2, Attachment 2, Docket No. 110. The bankruptcy court sustained the Bank's objection to the debtor's motion to employ the Needler firm. Filing No. 12, Ex. 1. It found that the Needler firm's representation of the debtor's creditors, Edward and Shirley Schmidt, in another bankruptcy proceeding (which includes an adversary proceeding against the Bank) precludes approval of the Needler firm as counsel for Big Mac Marine because the Needler firm represents interests adverse to the bankruptcy estate. *Id.* The bankruptcy court stated, however, that no conflict would be presented if the Schmidts were to withdraw their

claims in the Big Mac Marine bankruptcy and the adversary proceeding were completed. *Id.*

The Bank contends that the order is not a final appealable order but is an interlocutory order that cannot be appealed without leave of court. District courts have jurisdiction to hear appeals from final orders and from interlocutory orders with leave of the court. 28 U.S.C. § 158(a)(1) & (3).

The court first finds this is not a final order. Finality for bankruptcy purposes is a complex subject and courts deciding whether an order is appealable must take into account the peculiar needs of the bankruptcy process. *In re Koch,* 109 F.3d 1285, 1287 (8th Cir.1997). An order entered before the conclusion of a complex bankruptcy proceeding is not appealable unless it finally resolves a discrete segment of that proceeding. *In re Woods Farmers Coop. Elev. Co.,* 983 F.2d 125, 127 (8th Cir.1993). To determine the finality of an order in a bankruptcy proceeding, the court considers "the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) a later reversal on that issue would require recommencement of the entire proceeding." *In re Apex Oil Co.,* 884 F.2d 343, 347 (8th Cir.1989). This is a more liberal standard of finality than is generally applied to non-bankruptcy proceedings. *See Currell v. Taylor,* 963 F.2d 166, 167 (8th Cir.1992) (per curiam). Orders regarding appointment of counsel are generally regarded as interlocutory. *See Dodson v. Huff,* 207 F.3d 758, 763 (5th Cir.2000); *In re S.S. Retail Stores Corp.,* 162 F.3d 1230, 1232 (9th Cir.1998); *In re Devlieg, Inc.,* 56 F.3d 32, 34 (7th Cir.1995); *Spears v. United States Trustee,* 26 F.3d 1023, 1024 (10th Cir.1994) *In re Westwood*

*Shake and Shingle,* 971 F.2d 387, 389 (9th Cir.1992); *In re Continental Investment Corp.,* 637 F.2d 1, 4 (1st Cir.1980) (finding that order denying disqualification of counsel motion in bankruptcy case was not a final order).

A party may only appeal an interlocutory order by filing both a notice of appeal and a motion for leave to appeal with the clerk of the bankruptcy court. Fed. R. Bankr.P. 8001(b). Appellants filed a notice of appeal, but did not file a motion for leave to appeal. Nonetheless, this court may consider a timely-filed notice of appeal as a motion for leave to appeal. Fed. R. Bankr.P. 8003(c). A decision to deny leave to appeal an interlocutory order is purely discretionary. *Dwyer v. Cohn (In re Dwyer),* 244 B.R. 426, 431 (8th Cir. BAP 2000); *Moix–McNutt v. Coop (In re Moix–McNutt),* 215 B.R. 405, 408–09 (8th Cir. BAP 1997).

When deciding whether to grant leave to appeal an interlocutory order, it is helpful to apply the standards that govern certification of interlocutory appeals to the circuit courts. *Moix–McNutt,* 215 B.R. at 408–09. Under 28 U.S.C. § 1292(b), appellate courts "have jurisdiction over interlocutory appeals when the order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate determination of the litigation.'" *Id.* at 409 n. 6. (quoting 28 U.S.C. § 1292(b)). Such review should be sparingly granted and then only in exceptional cases. *In re Machinery, Inc.,* 275 B.R. 303, 306 (8th Cir. BAP 2002).

Viewing appellants' notice of appeal as a motion for leave to appeal an interlocutory order, the court finds the motion should be denied and this appeal

should be dismissed as interlocutory. The appeal does not involve a controlling issue of law on which there is a substantial ground for a difference of opinion and there has been no showing that the appeal of the bankruptcy court's order would materially advance the ultimate determination of the litigation.

Accordingly,

IT IS HEREBY ORDERED that appellee Pinnacle Bank's motion to dismiss this appeal, Filing No. 6, is granted; this appeal is dismissed as interlocutory.