# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 04-6026NI

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gilbertson Restaurants, LLC; | * | |
| Beaton, Inc.; | * | |
| KC Beaton Holding Co., LLC; and | * | |
| Beaton Holding Co., LC | * | |
| | * | |
| Debtors. | * | |
| | * | |
| | * | |
| FL Receivables Trust, 2002-A | * | |
| | * | Appeal from the United States |
| Creditor - Appellant, | * | Bankruptcy Court for the Northern |
| | * | District of Iowa |
| v. | * | |
| | * | |
| Gilbertson Restaurants, LLC; | * | |
| Beaton, Inc.; | * | |
| KC Beaton Holding Co., LLC; | * | |
| Beaton Holding Co., LC | * | |
| | * | |
| Debtors - Appellee. | * | |

_____

Submitted: August 26, 2004
Filed: October 14, 2004

_____

Before MAHONEY, VENTERS, and MCDONALD,[1] Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[2] approving the employment of Douglas S. Draper, Thomas L. Flynn, Matthew T. Cronin,[3] and their associated law firms (collectively, "Heller and Belin"), as attorneys for the jointly administrated bankruptcy estates of Gilbertson Restaurants, LLC ("Gilbertson"), Beaton, Inc. ("Beaton"), KC Beaton Holding Co., LLC ("KC Beaton"), and Beaton Holding Co., LLC ("Beaton Holding") (collectively, the "Debtors"). A creditor, FL Receivables Trust 2002-A ("FL Trust"), objected to the bankruptcy court's approval of that employment on the grounds that the Debtors' counsel represent interests adverse to the individual debtor estates, are not disinterested persons, made inadequate Federal Rule of Bankruptcy Procedure 2014(a) disclosures, and that the bankruptcy court misapplied the law.

On May 27, 2004, an administrative panel of this Court granted leave to FL Trust to file an interlocutory appeal of the bankruptcy court's order, reasoning that an immediate appeal would materially advance the reorganization process. For the reasons stated below, we have determined that leave to appeal the interlocutory order was improvidently granted and that the appeal should be dismissed.

---

[1] The Honorable David P. McDonald, United States Bankruptcy Court for the Eastern District of Missouri, sitting by designation.

[2] The Honorable Paul J. Kilburg, United States Bankruptcy Judge for the Northern District of Iowa.

[3] The law firms are Heller, Draper, Hayden, Patrick & Horn, L.L.C., of New Orleans, Louisiana, and Belin Lamson McCormick Zumbach Flynn, P.C., of Des Moines, Iowa. After the bankruptcy court entered its order, Matthew Cronin withdrew as an attorney for the Debtor.

# I. BACKGROUND

Two of the companies involved in these jointly administered cases, Gilbertson and Beaton, operate some twenty-six Burger King restaurants in Missouri, Iowa, and Illinois. They lease the restaurant properties from KC Beaton and Beaton Holding, respectively. The rental amounts are based on the volume of business. All of the debtor entities are owned or controlled by Perry Beaton and Carol Beaton.[4] Although the four companies arguably are "mutually dependent" and operate as a "single common enterprise" for the purpose of owning and operating Burger King franchises, several inter-company claims allegedly exist.

After the Debtors filed Chapter 11 bankruptcies on February 10, 2004, the Debtors' proposed counsel submitted their applications for employment to the bankruptcy court for approval. FL Trust, the successor to a $3.5 million pre-petition loan to KC Beaton, guaranteed by both Gilbertson and Beaton, opposed the retention of the Debtors' proposed counsel based, in part, on the inherent problems of representing both landlords and tenants, the existence of the inter-company claims, and on the allegations that the Debtors' counsel might have received preferential transfers.[5] FL Trust's loan is secured by, among other items, mortgages on the real property leased to Gilbertson and Beaton and by an assignment of rents.

---

[4] Perry and Carol Beaton only own 75% of Gilbertson; the remaining 25% is owned by Todd Gilbertson. KC Beaton is owned by Perry Beaton (30%), Carol Beaton (30%), and Perry and Carol Beaton's two sons, Ryan Beaton (20%) and Kelly Beaton (20%). Perry and Carol are the equal and sole owners of Beaton and Beaton Holding.

[5] Before the petition date, Gilbertson had paid the Debtors' proposed counsel $4,292.04 on December 16, 2003, $15,072.97 on January 13, 2004, and $1,496.45 on January 27, 2004.

The bankruptcy court approved interim employment for Debtors' counsel over FL Trust's objections, but reserved its final ruling pending a March 16, 2004 hearing. After that hearing, the bankruptcy court concluded that no actual conflict of interest existed at that time because the debtor entities currently shared an "identity of interest" or "unity of purpose" in a common goal to reorganize and to continue the operation of Burger King franchises. FL Trust did not demonstrate a better use for the leased real property other than for the operation of Burger King franchises, and with the amount of rent being tied to the volume of business, the bankruptcy court determined that all the debtor entities shared parallel interests; thus, the bankruptcy court adopted a "wait and see" approach to determine if the potential conflicts of interest would manifest into actual conflicts. At the time, the bankruptcy court noted that the Debtors already had serious financial problems; the expense and time of new counsel was therefore deemed unnecessary. In the event that the potential conflicts of interests ripened into actual conflicts, the bankruptcy court would resolve the matter at that time.

## II. DISCUSSION

Upon consideration of the entire record, we have concluded that leave to pursue the appeal of the bankruptcy court's interlocutory order was improvidently granted and that the appeal should be dismissed.

A bankruptcy appellate panel only has subject matter jurisdiction to hear appeals with respect to the following types of actions from the bankruptcy court: (1) final judgments, orders, and decrees; (2) interlocutory orders under 11 U.S.C. § 1121(d); and (3) with leave of court, other interlocutory orders and decrees. 28 U.S.C. § 158(a). Because the bankruptcy court's approval of the Debtors' application to employ Heller and Belin does not involve 11 U.S.C.§ 1121(d), the appellate court has jurisdiction only if either 28 U.S.C. § 158(a)(1) or (a)(3) applies.

*1.     Is the bankruptcy court's order final under § 28 U.S.C. § 158(a)(1)?*

Generally, an order approving the employment of counsel in a civil case is interlocutory in nature and may not be appealed under 28 U.S.C. § 1291.  Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981).  Following the Supreme Court's holding in Firestone, the majority of circuit courts have adopted a per se rule that a bankruptcy court's order granting a motion to employ counsel under § 327(a) is not a final order under 28 U.S.C. § 158(a)(1). Security Pacific Bank v. Steinberg (In re Westwood Shake & Single, Inc.), 971 F.2d 387, 389-90 (9th Cir. 1992); Foster Securities, Inc. v. Sandoz (In re Delta Services Industries, Inc), 782 F.2d 1267, 1272 (5th Cir. 1986); In re Continental Inv. Corp., 637 F.2d 1, 4 (1st Cir. 1980).  Other courts have adopted a more flexible approach and examine the facts and circumstances of the particular case to determine if the order under § 327(a) is sufficiently final for review under 28 U.S.C. § 158(a)(1).  In re AroChem Corp., 176 F.3d 610, 620 (2d Cir. 1999); In F/S Airlease II, Inc., 844 F.2d 99, 104 (3d Cir. 1988).

Although the Eighth Circuit has not specifically addressed this issue, we believe it would take the latter approach.  The Eighth Circuit has held that, because of the peculiar litigation process in bankruptcy proceedings, the test for finality in bankruptcy orders is more flexible and liberal than that for general civil proceedings. Yukon Energy Corp. v. Brandon Investments, Inc. (In re Yukon Energy Corp.), 138 F.3d 1254, 1258 (8th Cir. 1998).

The Eighth Circuit has identified three factors that an appellate court must examine to determine whether the order from the bankruptcy court is final for purposes of 28 U.S.C. § 158(a)(1).  First, the reviewing court must examine whether the order leaves the bankruptcy court nothing to do but execute the order.  Second, the reviewing court should identify whether delay in obtaining review would prevent the aggrieved party from obtaining effective relief.  Finally, the reviewing court should analyze whether later reversal on the issue would require recommencement

5

of the entire proceeding. <u>Id</u>. Applying these three factors, it does not appear that the bankruptcy court's order here is final for purposes of 28 U.S.C. § 158(a)(1).

First, the bankruptcy court's order expressly left open the possibility that it will reevaluate Heller and Belin's employment by all four debtors when a more detailed factual record is developed. Thus, it does not finally dispose of a discrete dispute within the bankruptcy. <u>See</u> <u>AroChem</u>, 176 F.3d at 620. In fact, reviewing the bankruptcy court's order at this point when it has expressly left open the possibility of future review gives rise to a significant possibility of piecemeal litigation, which is the fundamental policy concern underlying the finality requirement for appellate review. <u>See</u> <u>Giove v. Stanko</u>, 49 F.3d 1338, 1341-42 (8th Cir.1995).

Second, the delay in obtaining review of the bankruptcy court's order will not prevent FL Trust from obtaining effective relief for two reasons. First, as just discussed, the bankruptcy court expressly adopted a "wait and see" approach and this clearly gives FL Trust the opportunity to renew its objection when the facts of the case become more clear. Also, FL Trust can always lodge an objection when Heller and Belin seek compensation under § 330(a).

Finally, reversal of the bankruptcy court's order would not require recommencement of the entire proceeding. Rather, the remedial provisions of §§ 328 and 330 provide sufficient flexibility to the bankruptcy court if it later finds that Heller and Belin are disqualified to represent any of the Debtors under § 327(a).

2. *May the appellate court review the bankruptcy court's order under 28 U.S.C. § 158(a)(3)?*

The bankruptcy appellate panel also has discretion to review any interlocutory order under 28 U.S.C. § 158(a)(3). Review under this provision, however, should be utilized sparingly and only in exceptional cases. <u>General Electric Corp. v. Machinery, Inc. (In re Machinery, Inc).</u>, 275 B.R. 303, 306 (B.A.P. 8th Cir. 2002).

Specifically, the appellate court should only exercise its discretion to review interlocutory orders when: (1) the question at issue is one of law; (2) the legal question is controlling; (3) there exists a substantial ground for difference of opinion concerning the correctness of the bankruptcy court's resolution of that question of law; and (4) there is a finding that a review of the legal question at issue would materially advance the ultimate termination of the litigation. Id. (noting that the analysis to hear an appeal from an interlocutory order under 28 U.S.C. § 158(a)(3) is identical to whether an appellate court should hear an interlocutory order in general under the collateral order doctrine codified at 28 U.S.C. § 1292(b)).

We hesitate to exercise our discretion to review the interlocutory order here for two reasons. First, because discretionary review of interlocutory orders under 28 U.S.C. § 158(a)(3) requires the presence of a controlling question of law, if the bankruptcy court's order is fact intensive, review is not proper under 28 U.S.C. § 158(a)(3). Farmers State Bank v. Shirley (In re BTR Partnership), 292 B.R. 188, 194-95 (D. Neb. 2003). The question of whether Heller and Belin represent an adverse interest to any of the Debtors is fact specific. In re BH&P, Inc., 949 F.2d 1300, 1315 (3d Cir. 1991). Thus, the first three requirements for discretionary review of interlocutory orders under 28 U.S.C. § 158(a)(3), as set out above, are not present.

Second, the factual record with respect to the objections raised by FL Trust was not fully developed when the bankruptcy court entered the order. Indeed, no factual record was made before the bankruptcy court. Thus, we are left to speculate as to whether the alleged conflict of interest is real or imagined. At oral argument, counsel for the Debtors assured the Court that, if the tenant/Debtors decided to reject any of the leases involved, they would employ special counsel for that purpose, with bankruptcy court approval. As for the alleged inter-company debts, there is no evidence to establish at this juncture whether the claims are contingent and unliquidated or even to establish which companies are the debtors and which are the creditors.

7

In sum, the undeveloped evidentiary record with respect to the nature and extent of the alleged conflicts was the exact reason the bankruptcy court adopted its "wait and see" approach. Given the fact that the parties had not fully developed the factual record at the time the lower court entered the interlocutory order in question, discretionary appellate review is not appropriate under 28 U.S.C. § 158(a)(3). Charter Co. v. Prudential Ins. Co. (In re Charter Co.), 778 F.2d 617, 622 (11th Cir. 1985); see also, Paschall v. Kansas City Star Co., 605 F.2d 403, 411 (8th Cir. 1979) (holding that interlocutory review under the collateral order doctrine generally is not appropriate when the factual record below is incomplete).

For the foregoing reasons, the appeal is dismissed.

---