# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2118

_____

In re:  M & M Marketing, L.L.C.,       *
           *
      Debtor,                *
----------------------------------------    *
           *
Michael L. Blumenthal,        *
           *
      Appellee,            *
           *  Appeal from the United States
      v.                 *  Bankruptcy Appellate Panel
           *  for the Eighth Circuit.
Richard D. Myers,           *
           *  [UNPUBLISHED]
      Appellant,          *
           *
Jerry Cronk; Cheryl Cronk;     *
Jerome Langdon; Coleen Langdon;  *
Phillip Cronk; Lorraine Cronk,    *
           *
      Appellees,         *
----------------------------------------    *
           *
In re:  Premier Fighter, L.L.C.,   *
           *
      Debtor,                *
----------------------------------------    *
           *
Michael L. Blumenthal,        *
           *
      Appellee,            *
           *
      v.                 *

|                                         | * |
| Richard D. Myers,                       | * |
|                                         | * |
| Appellant,                              | * |
|                                         | * |
|                                         | * |
| Jerome Langdon; Coleen Langdon;         | * |
| Ryan Cronk; Jeremiah McAndrew,          | * |
|                                         | * |
| Appellees.                              | * |

_____

Submitted: October 15, 2010
Filed: October 20, 2010
_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.
_____

PER CURIAM.

After the trustee of the bankruptcy estates of M&M Marketing L.L.C. and Premier Fighting, L.L.C. employed counsel to assist him in connection with the estates, creditor Michael L. Blumenthal moved to disqualify counsel based on a conflict of interest. The bankruptcy court denied the motion but the Bankruptcy Appellate Panel (BAP) reversed, and this appeal followed. Following careful review, we agree with the BAP that the trustee's attempt to justify the employment by arguing that counsel was employed for a special purpose fails: 11 U.S.C. § 327(e) governs special-purpose representation, and that statute is inapposite here, where counsel did not previously represent the debtors. We agree further that counsel held an interest adverse to the estates, because he was also serving as attorney for several creditors who held interests adverse to the estates. See In re Vote, 276 F.3d 1024, 1026 (8th Cir. 2002); United Artists Theatre Co. v. Walton, 315 F.3d 217, 225 (3d Cir. 2003)). Accordingly, we affirm. See 8th Cir. R. 47B.

_____