**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LESLIE FRED DANNER and TERRIANN RENE DANNER, <br><br> Debtors. | No. 12-60059 <br><br> BAP No. 11-1315 |
| LESLIE FRED DANNER and TERRIANN RENE DANNER, <br><br> Appellants, <br> v. <br><br> UNITED STATES TRUSTEE, BOISE, <br><br> Appellee. | MEMORANDUM* |
| In re: KEVIN CLYDE WERRY and D'RESE GRETCHEN WERRY, <br><br> Debtors. | No. 12-60062 <br><br> BAP No. 11-1525 |
| KEVIN CLYDE WERRY and D'RESE GRETCHEN WERRY, <br><br> Appellants, <br><br> v. <br><br> UNITED STATES TRUSTEE, BOISE, <br><br> Appellee. | |

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Appeals from the Bankruptcy Appellate Panel
for the Ninth Circuit
Eileen Hollowell, Meredith Jury, and Bruce Markell, Bankruptcy Judges

Submitted December 5, 2013[**]
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges, and MURPHY, District Judge.[***]

The debtors in separate bankruptcy proceedings appeal decisions of the bankruptcy appellate panel affirming orders of the bankruptcy court, which denied a law firm's applications to serve as counsel to the debtors. Because the bankruptcy court's orders were interlocutory and one of the appeals is moot, we dismiss for lack of jurisdiction.

## I.    Finality

This court's jurisdiction over bankruptcy appeals is limited to appeals involving "'final decisions, judgments, orders, and decrees'" of the bankruptcy court. *In re AFI Holding, Inc.*, 530 F.3d 832, 836 (9th Cir. 2008) (quoting 28 U.S.C. § 158(d)). A bankruptcy court order is final if it "'1) resolves and seriously

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *Id.* (quoting *In re Lazar*, 237 F.3d 967, 985 (9th Cir. 2001)).

It is well-settled that a bankruptcy court's decision to appoint counsel is not appealable. *See In re S.S. Retail Corp.*, 162 F.2d 1230, 1231 (9th Cir. 1998) (per curiam); *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 388 (9th Cir. 1992). Although this court has not squarely held that the same is true of an order that denies an attorney's application to serve as counsel, we have suggested that it is. *See In re Westwood Shake*, 971 F.2d at 389 ("Where the underlying bankruptcy court order involves the appointment or disqualification of counsel, courts have uniformly found that such orders are interlocutory even in the more flexible bankruptcy context.").

In ordinary civil litigation, neither a court's decision to disqualify counsel nor a court's refusal to do so is a final order. *See Richardson-Merrell v. Koller*, 472 U.S. 424, 430 (1984); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1980). An order that affects a party's choice of counsel in bankruptcy proceedings is no different. When a bankruptcy court accepts or rejects an attorney's application, we cannot say if the decision will seriously affect the substantive rights of any party until the case is actually litigated. *See In re Westwood Shake*, 971 F.2d at 390 (citing *Richardson-Merrell*, 472 U.S. at 439).

3

The only immediate effect of either acceptance or rejection is on the ability of a particular attorney to earn fees for *future* services. An attorney need not submit an application to retain fees for services performed before a bankruptcy petition is filed. *See* 11 U.S.C. § 329(a) (requiring only disclosure). And an attorney cannot obtain fees for post-petition services until his application is approved. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 529 (2004). Although the debtors argue that the order's effect on future earnings renders it final, an order approving of an application is interlocutory even though it affects the payment of fees and, by extension, the distribution of the estate. Our precedent thus requires us to treat the orders here as interlocutory.[1]

## II.    Mootness

The Werrys — but not the Danners — also argue that the bankruptcy court's subsequent acceptance of their reorganization plan gives this court jurisdiction over their appeal from the bankruptcy appellate panel. Although a final order may cure a premature appeal of an interlocutory order, *see In re Rains*, 428 F.3d 893,

---

[1] Two of our sister circuits agree that orders denying an attorney's applications are interlocutory. *See In re M.T.G., Inc.*, 403 F.3d 410, 413–14 (6th Cir. 2005); *In re Devlieg, Inc.*, 56 F.3d 32, 33–34 (7th Cir. 1995) (per curiam). Only the Second Circuit has concluded otherwise on materially similar facts. *See In re Kurtzman*, 194 F.3d 54, 57 (2d Cir. 1999) (per curiam). That decision, however, rested on the assumption that orders appointing counsel are also final, *see id.*, at 57 & n.1 — a premise we have firmly rejected, *see In re S.S. Retail*, 162 F.3d at 1231; *In re Westwood Shake*, 971 F.2d at 388.

900–01 (9th Cir. 2005), it is doubtful that this doctrine applies when the interlocutory and final orders issue from different courts. But that question need not be settled here because the Werrys' appeal is moot.

Although none of the parties argue that either appeal is moot, we have an independent duty to make that determination *sua sponte*. *See In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005). An appeal is moot if it is "'impossible for the court to grant any effectual relief whatever to a prevailing party.'" *In re Pattullo*, 271 F.3d 898, 901 (9th Cir. 2001) (quoting *In re Cascade Roads, Inc.*, 34 F.3d 756, 759 (9th Cir. 1994)).

Here, the Werrys cannot obtain meaningful relief on appeal. They have already obtained substitute counsel and litigated their case to conclusion. Moreover, they do not argue that the bankruptcy court's order has affected the outcome of their case. The significance of the bankruptcy court's order is thus limited to its effect on the law firm they sought to retain. Because there is no further legal work to perform and the order does not affect compensation for past services, the appeal is moot. *See In re Kurtzman*, 194 F.3d at 58–59 (dismissing as moot the appeal of a district court's order affirming a bankruptcy court's order denying a trustee's application to retain counsel, because the trustee had hired substitute counsel).

Therefore, we lack jurisdiction to hear both appeals.

**DISMISSED**.