# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 24-6006

_____

In re: Western Robidoux, Inc.,

Debtor.

-----------------------------

TooBaRoo, LLC; InfoDeli, LLC

*Creditors – Appellants*

v.

Jill Denise Olsen

*Trustee – Appellee*

Spencer Fane LLP

*Interested party – Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri

_____

Submitted: August 13, 2024
Filed: October 21, 2024

_____

Before RIDGWAY, SURRATT-STATES, and JONES, Bankruptcy Judges.

_____

JONES, Bankruptcy Judge.

Appellants TooBaRoo, LLC and InfoDeli, LLC appeal the bankruptcy court's order granting the Chapter 7 Trustee's amended application to employ Spencer Fane LLP as special counsel. We ordered the parties to brief the preliminary issue of this court's jurisdiction to hear the appeal.[1] Specifically, we ordered the parties to brief whether the bankruptcy order is final under 28 U.S.C. § 158(a)(1), and alternatively, whether this court may review the order under 28 U.S.C. § 158(a)(3). For the reasons stated below, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Attorney Daniel Blegen has represented Debtor Western Robidoux, Inc. ("WRI") in connection with certain federal litigation since 2014. In 2014, WRI and members of the family who operated WRI hired Blegen and his former law firm, German May, PC, to represent them. Another family member, Breht Burri, and certain entities controlled by him, eventually filed a federal lawsuit against them. Breht Burri is the sole member of Appellants TooBaRoo, LLC and InfoDeli, LLC. The federal suit was filed in May 2015, and involved several claims and counterclaims, including claims of copyright infringement.

While the federal suit was pending, WRI filed a chapter 11 bankruptcy case. WRI sought bankruptcy court approval to employ Blegen and his former firm as special counsel in the pending federal litigation. Appellants opposed the employment of Blegen, arguing, *inter alia*, he held interests adverse to the estate by representing both WRI and certain members of the family that controlled WRI. The bankruptcy court rejected Appellants' arguments and approved the application to

---

[1] The parties' briefs were due on August 6, 2024. Appellants filed their brief on August 7, 2024, and later moved for a retroactive one-day extension of time. Appellants' motion is granted. The brief, filed on August 7, 2024, is deemed timely filed.

employ Blegen and his former firm as special counsel under Section 327(e) of the Bankruptcy Code.

WRI and its co-defendants were largely successful in the federal litigation, obtaining summary judgment in their favor on the copyright issues, a jury verdict in their favor on all counts tried, two judgments in favor of WRI on its counterclaims, and an order awarding WRI attorney's fees and costs. Appellants filed a notice of appeal, and WRI filed a cross-appeal.

Meanwhile, Blegen left his former firm and joined Spencer Fane. WRI notified the bankruptcy court of Spencer Fane's representation of the debtor in the federal litigation. WRI later filed an application with the bankruptcy court to employ Blegen and Spencer Fane as special counsel to represent WRI in defending the judgment on appeal. At the time of the application, two appeals were pending in the federal litigation. No objection was filed, and the bankruptcy court approved the application. Shortly thereafter, the Eighth Circuit docketed a third notice of appeal in the federal litigation, and later, a fourth appeal was filed.

In July 2021, WRI's bankruptcy case was converted to a chapter 7 case, and Jill Olsen was appointed Chapter 7 Trustee. Ms. Olsen asked the bankruptcy court to confirm that Blegen could continue his employment on the same terms and conditions as previously approved by the court. No objections were filed, and the bankruptcy court approved Blegen's retention.

In December 2022, the Chapter 7 Trustee filed a motion to approve Spencer Fane's application for fees and expenses. Appellants opposed the motion, arguing that Spencer Fane held or represented interests adverse to the bankruptcy estate. After the bankruptcy court held an evidentiary hearing on the motion, the parties requested mediation, however, that proved to be unsuccessful.

Because it was unclear whether the prior orders authorizing employment of special counsel were broad enough to include the third and fourth appeals, the

Chapter 7 Trustee filed an amended application to employ Spencer Fane. In her amended application, the Chapter 7 Trustee sought clarification that Spencer Fane may be employed as special counsel to represent the bankruptcy estate in all the appeals related to the federal litigation. Appellants objected to the amended application, again arguing that special counsel held interests adverse to the estate. By this time, Spencer Fane no longer represented the members of the family that controlled WRI because they had retained separate counsel in the federal litigation. Nonetheless, Appellants argued the Chapter 7 Trustee might later assert fraudulent transfer claims against the family members. Appellants also argued that Spencer Fane had not apportioned its legal fees appropriately among all appellees to the federal litigation and that the amount of its fees was disproportionate to the size of the bankruptcy estate.

The bankruptcy court, in a detailed opinion, granted the amended application over Appellants' objection. The court declined to disqualify counsel under Section 327(c) of the Bankruptcy Code and found employment proper under Section 327(e). Specifically, the bankruptcy court found the estate's interests in defending the appeals were aligned with the family members' interests, and the alleged conflicts raised by Appellants were not actual conflicts but were based on mere conjecture. The court explained that the Bankruptcy Code contains certain procedural safeguards in the event that potential conflicts later ripen into actual conflicts of interest. The bankruptcy court also found Spencer Fane had considerable expertise and longevity in the complex federal litigation and that it would be more cost effective to keep Blegen as special counsel. Appellants now appeal the order granting the Chapter 7 Trustee's amended application to employ Spencer Fane as special counsel.

## DISCUSSION

We have an independent obligation to examine our jurisdiction. *Dwyer v. Cohn (In re Dwyer)*, 244 B.R. 426, 428 (B.A.P. 8th Cir. 2000). This court has jurisdiction over appeals "from final judgments, orders, and decrees," and from

certain interlocutory orders, with leave of the court. 28 U.S.C. § 158(a), (b)(1). The Eighth Circuit applies "a broader, more flexible concept of finality in bankruptcy cases than [it does] in nonbankruptcy cases." *Sec. Nat'l Bank of Sioux City v. Vera T. Welte Testamentary Tr. (In re Vera T. Welte Testamentary Tr.)*, 96 F.4th 1034, 1038 (8th Cir. 2024) (quoting *Ritchie Special Credit Invs. v. U.S. Tr.*, 620 F.3d 847, 852 (8th Cir. 2010)).

In evaluating whether a bankruptcy order is final, the appellate court must ask "whether 'it finally resolves a discrete segment of [the bankruptcy] proceeding,' that is, a 'relevant judicial unit of the proceeding.'" *Id*. (alteration in original) (quoting *Off. Comm. of Unsecured Creditors v. Farmland Indus. (In re Farmland Indus.)*, 397 F.3d 647, 650 (8th Cir. 2005)). As explained by the United States Supreme Court, bankruptcy orders are final for purposes of appeal "if they finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (quoting *Howard Delivery Serv. Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006)); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020).

To determine whether the order resolves a discrete segment of the bankruptcy proceeding, the Eighth Circuit evaluates three primary factors:

> (1) [the extent to which] the order leaves the bankruptcy court nothing to do but execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; [and] (3) the extent to which a later reversal on that issue would require recommencement of the entire proceeding.

*In re Vera T. Welte Testamentary Tr.*, 96 F.4th at 1038 (second alteration in original) (quoting *In re Farmland Indus.*, 397 F.3d at 650).

The Eighth Circuit has not expressly ruled on whether bankruptcy orders regarding the employment of professionals are final for purposes of appeal. A

majority of the circuits have found such orders are not final. *See, e.g., In re Cont'l Inv.*, 637 F.2d 1 (1st Cir. 1980); *Minh Vu Hoang v. Rosen (In re Minh Vu Hoang)*, 473 F. App'x 263 (4th Cir. 2012); *Foster Sec., Inc. v. Sandoz (In re Delta Servs. Indus.)*, 782 F.2d 1267 (5th Cir. 1986); *Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540 (6th Cir. 1989); *Matter of Devlieg, Inc.*, 56 F.3d 32 (7th Cir. 1995); *Sec. Pac. Bank Wash. v. Steinberg (In re Westwood Shake & Shingle, Inc.)*, 971 F.2d 387 (9th Cir. 1992); *Spears v. U.S. Tr.*, 26 F.3d 1023 (10th Cir. 1994). *But see U.S. Tr. v. Bloom (In re Palm Coast, Matanza Shores Ltd. P'ship)*, 101 F.3d 253 (2d Cir. 1996) (relying on lower court's determination that bankruptcy order hiring real estate consultant was "final" and noting nothing in the order indicated the decision would be reconsidered); *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99 (3d Cir. 1988) (relying on factors different from Eighth Circuit factors to hold that an order authorizing *nunc pro tunc* employment of a broker was final). In addition, at least two decisions of this panel have found such orders are not final.[2] *See FL Receivables Tr. v. Gilbertson Rests., LLC (In re Gilbertson Rests., LLC)*, 315 B.R. 845 (B.A.P. 8th Cir. 2004); *McGehee v. Cox (In re Griffin)*, 310 B.R. 610 (B.A.P. 8th Cir. 2004); *see also Big Mac Marine, Inc. v. Jensen*, 305 B.R. 309 (D. Neb. 2004) (district court order finding same).

For the reasons stated below, the court finds the order approving the employment of Spencer Fane as special counsel did not resolve a discrete segment of the bankruptcy proceeding, and, therefore, it is not a final order under 28 U.S.C. § 158(a)(1).

First, there is more left for the bankruptcy court to do than merely execute the order. The bankruptcy court will continue to be involved with issues concerning the employment of Spencer Fane until its employment as special counsel comes to an

---

[2]Other decisions of this panel have not addressed the issue of finality, but nonetheless have ruled on the merits of the order. *See Unsecured Creditors' Comm. v. Pelofsky (In re Thermadyne Holdings Corp.)*, 283 B.R. 749 (B.A.P. 8th Cir. 2002); *Blumenthal v. Myers (In re M&M Mktg.)*, 426 B.R. 796 (B.A.P. 8th Cir. 2010), *aff'd sub nom. In re M&M Mktg.*, 397 F. App'x 258 (8th Cir. 2010).

end. Orders approving employment of professionals "do not conclusively determine any issues under §§ 327 or 330, because a professional may always be removed or replaced during the course of a bankruptcy, and interim fee awards are subject to modification and possibly forfeiture." *In re Union Home & Indus.*, 376 B.R. 298, 302 (B.A.P. 10th Cir. 2007). Indeed, as recognized by the bankruptcy court, the Bankruptcy Code contains safeguards to protect the bankruptcy estate if potential conflicts later ripen into actual conflicts. *See* 11 U.S.C. § 328(c). In addition, the bankruptcy court will continue to review and rule upon Spencer Fane's requests for fees and reimbursement of expenses. *See* 11 U.S.C. § 330(a)(1). Appellants may lodge objections to the fee requests, and the bankruptcy court will be tasked with deciding the issues. In fact, many of the objections raised by Appellants to Spencer Fane's employment, such as the proper amount of legal fees and apportionment of legal fees between parties, may be raised in response to the fee applications. Instead of having several appeals related to the employment of Spencer Fane, all issues regarding employment and compensation can be subject to appellate review when the engagement is complete and the allowance or disallowance of fees and expenses is made final. Allowing review of the employment order at this point will encourage "piecemeal litigation, which is the fundamental policy concern underlying the finality requirement for appellate review." *In re Gilbertson Rests., LLC*, 315 B.R. at 849.

Second, a delay in obtaining appellate review of the order will not prevent Appellants from obtaining effective relief. Rather, delaying review will prevent piecemeal appeals of similar issues and will allow all related disputes to be addressed and determined at one time. As stated above, under the Bankruptcy Code and Rules, Appellants may renew their objections if conflicts arise in the future. They retain the ability to object to Spencer Fane's fee applications, including the final fee application. *See* 11 U.S.C. §§ 328, 330. After the bankruptcy court rules on these issues, the appellate court "will be in a better position to conduct an appropriate and thorough review of all issues relating to [Spencer Fane's] employment and compensation as an attorney in this case." *In re Union Home & Indus.*, 376 B.R. at 303.

Third, a later reversal on the issue of Spencer Fane's employment will not require recommencement of either the bankruptcy case or the federal litigation. As special counsel for the bankruptcy estate in the federal litigation, Spencer Fane advises and takes directions from the Chapter 7 Trustee. Spencer Fane is merely an agent for the estate, serving at the pleasure and under the direction of the Chapter 7 Trustee. Contrary to the assertions of Appellants, no actions would need to be ratified or revisited because it is the Chapter 7 Trustee, not her counsel, who has final say as to how the litigation proceeds. As acknowledged by Spencer Fane, it is possible that a later reversal may have an impact on the compensation to be awarded to special counsel, but that is a risk Spencer Fane is willing to take.

Appellants heavily rely on the case of *Ritchie Special Credit Investments Ltd. v. U.S. Trustee*, 620 F.3d 847 (8th Cir. 2010), in support of their position that the order employing special counsel is final. We find the facts in the *Ritchie* case distinguishable to the facts of this case.[3] *Ritchie* involved the bankruptcy court's approval of Douglas A. Kelley as Chapter 11 Trustee in two jointly administered bankruptcy cases over the objection of a creditor. The order being appealed in *Ritchie* was neither an order employing special counsel nor an order employing counsel for the estate; rather, it was an order approving Kelley's appointment as Chapter 11 Trustee. Once appointed, Kelley had all the powers afforded trustees under the Bankruptcy Code, including, *inter alia*, avoidance powers, authority to use or sell property of the estate, power to sue and be sued, power to abandon property from the estate, power to compromise controversies, and power to formulate and propose a plan of reorganization. Kelley would be using his own discretion and judgment in making decisions for the estate on a daily basis. Unlike a Chapter 11 Trustee, Spencer Fane is merely employed as special counsel to represent the bankruptcy estate in outside litigation. It does not have any of the powers granted

---

[3]Although we find the facts of *Ritchie* distinguishable, the *Ritchie* case evaluated the same three elements as the courts did in *In re Vera T. Welte Testamentary Trust, In re Farmland Industries, Inc.,* and *In re Gilbertson Restaurants, LLC*.

to trustees to make decisions for the estate. Instead, it takes instructions from its client representative, the Chapter 7 Trustee.

*Ritchie* is also distinguishable because in finding the order appointing a Chapter 11 Trustee to be final, the Eighth Circuit explained it was joining the majority of its sister circuits that had considered the issue, citing cases from the First, Third, Fourth, and Fifth Circuits. While those circuits have found orders appointing Chapter 11 Trustees final, three of the four circuits have found bankruptcy orders regarding the employment of professionals are *not* final for purposes of appeal. *See In re Cont'l Inv. Corp.*, 637 F.2d at 4 (1st Cir.); *In re Minh Vu Hoang*, 473 F. App'x at 263 (4th Cir.); *In re Delta Servs. Indus.*, 782 F.2d at 1272 (5th Cir.). For all of these reasons, we find *Ritchie* is distinguishable to this case.

We find the order approving the amended application to employ Spencer Fane as special counsel does not resolve a discrete segment of the bankruptcy proceeding. This issue is neither one that would "exist as [a] stand-alone lawsuit[] but for the bankrupt status of the debtor," nor one that "alters the status quo and fixes the rights and obligations of the parties." *Bullard*, 575 U.S. at 501–02. The bankruptcy court will continue to be involved with issues concerning the employment and compensation of Spencer Fane. Thus, the order is not a final order under 28 U.S.C. § 158(a)(1).

Although the order is not final, this court may review certain interlocutory orders under 28 U.S.C. § 158(a)(3), with leave of the court. We may exercise our discretion to review interlocutory orders if:

> (1) the question at issue is one of law; (2) the legal question is controlling; (3) there exists a substantial ground for difference of opinion concerning the correctness of the bankruptcy court's resolution of that question of law; and (4) there is a finding that a review of the legal question at issue would materially advance the ultimate termination of the litigation.

*In re Gilbertson Rests., LLC*, 315 B.R. at 849 (citing *Gen. Elec. Corp. v. Mach., Inc. (In re Mach., Inc.)*, 275 B.R. 303, 306 (B.A.P. 8th Cir. 2002)). Review under Section 158(a)(3) is to be granted "sparingly and only in exceptional cases." *Id.* (citing *In re Mach., Inc.*, 275 B.R. at 306). As explained in their brief, Appellants did not file a motion for leave to appeal because they believed the order was final. While this court has discretion under Rule 8004(d) of the Federal Rules of Bankruptcy Procedure to treat Appellants' notice of appeal as a motion for leave to appeal or to order Appellants to file a motion for leave to appeal, both parties agree that our review under Section 158(a)(3) is not appropriate because some or all of the requisite elements are not present here. Accordingly, we decline to review the order under 28 U.S.C. § 158(a)(3).

Because the bankruptcy court's order is not final under 28 U.S.C. § 158(a)(1), and review under 28 U.S.C. § 158(a)(3) is not appropriate, we lack jurisdiction over the appeal. The appeal is dismissed.

_____